UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **ASMED ESCARENO**<br>     BOP #25784-018 | : | **CIVIL ACTION NO. 13-cv-1535**<br>**SECTION P** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **FEDERAL DETENTION**<br>**CENTER OAKDALE, ET AL** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is the petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 filed by *pro se* petitioner Asmed Escareno ("petitioner"). Petitioner is an inmate in the custody of the Federal Bureau of Prisons (hereafter, "BOP"), and he is currently incarcerated at the Federal Correctional Institution in Oakdale, Louisiana (hereafter, "FCIO").

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons, **IT IS RECOMMENDED** that the application be **DENIED AND DISMISSED WITH PREJDUICE**

### I. BACKGROUND

Petitioner seeks only one remedy in his matter: transfer from FCIO to a facility closer to his family in California. Doc 1, p. 5. In support of this request, petitioner states that the BOP Program Statement provides for an inmate's transfer closer to his or her family. Specifically, petitioner argues that BOP Program Statement 5100.08 provides that "every effort will be made to assign the inmate to the indicated facility (near his/her family) and, where this is not immediately possible, a redesignation will be made." Doc. 1, att. 1, p. 1.

## II. LAW AND ANALYSIS

At the outset, the court must determine whether to treat petitioner's suit as a *habeas corpus* petition or as a civil rights complaint under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).[1]  In general, a civil rights suit is "the proper vehicle to attack unconstitutional conditions of confinement and prison procedures." *See Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994). A *habeas* petition, on the other hand, is the proper vehicle to seek release from custody. *See Pugh v. Parish of St. Tammany*, 875 F.2d 436, 439 (5th Cir. 1989); *Carson v. Johnson*, 112 F.3d 818, 820, (5th Cir. 1997). If a favorable determination of a prisoner's claims would not automatically entitle the prisoner to accelerated release, the suit should be analyzed as a civil rights claim and not as a *habeas* claim. *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir.1995) (per curiam).

Based upon a review of the pleadings herein, it is clear that petitioner has asserted a civil rights claim. Petitioner does not assert that his detention is unconstitutional, nor does he seek immediate or accelerated release from custody. The sole relief petitioner seeks is a transfer to a different correctional facility in order to be closer to his family. As such, the suit is more properly analyzed as a civil rights claim under *Bivens*, and the court will therefore apply that analysis. *Orellana*, 65 F.3d at 31.

In order to succeed on a *Bivens* claim, the plaintiff must show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of Federal law. *See Hessbrook v. Lennon*, 777 F.2d. 999, 1005 (5th Cir. 1985)

---

[1] In *Bivens*, the Supreme Court held that the Constitution provides an implied cause of action such that an individual may seek relief against any person who, under the color of federal law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). A *Bivens* action is analogous to an action under 42 U.S.C. § 1983, the difference being that *Bivens* applies to federal officials whereas a § 1983 claim applies to state officials. *Izen v. Catalina*, 398 F.3d 363, 367 n.3 (5th Cir. 2005). The analysis pursuant to § 1983 action applies equally to a *Bivens* action. *Id.*

(citing *Davis v. Passman*, 442 U.S. 228, 247 (U.S. 1979).  Thus, the initial inquiry in a *Bivens* action is whether the plaintiff has alleged that his constitutional rights have been violated.  If no constitutional violation has been alleged, there is no cognizable claim.

It is well-settled that an inmate does not have a constitutionally protected right to serve a sentence in any particular institution or to be transferred from one facility to another. *Olim v. Wakinekona*, 461 U.S. 238, 244–48 (1983).  The Bureau of Prisons has sole discretion to determine where a federal inmate will be housed.  18 U.S.C. § 3621(b).  Because the transfer of a federal inmate to another correctional institution does not implicate a constitutional interest, petitioner has not stated a cognizable claim for relief.  *See Fuselier v. Mancuso*, 2009 WL 890476 at *3 (W.D. La. 2009) (citing *Olim*, 461 U.S. at 238).  Accordingly, this action should be dismissed.

### III. CONCLUSION & RECOMMENDATION

For the foregoing reasons:

**IT IS RECOMMENDED THAT** this petition for writ of *habeas corpus* that constitutes a civil rights claim as described herein be **DENIED AND DISMISSED WITH PREJUDICE** as frivolous and as failing to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have 14 business days from its service to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within 14 days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by**

**Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 22nd day of May, 2014.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE